UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-14167-RGS

PETER P. MITRANO

v.

JPMORGAN CHASE BANK, N.A.; SANTANDER BANK, N.A.; SOVEREIGN BANK, N.A.;[1] and ORLANS/MORAN, PLLC[2]

MEMORANDUM AND ORDER
ON DEFENDANTS JPMORGAN CHASE BANK, N.A. and
SANTANDER BANK N.A.'S JOINT MOTION TO DISMISS

April 16, 2015

STEARNS, J.

Plaintiff Peter Mitrano filed this *pro se* complaint against, *inter alia*, JPMorgan Chase Bank and Santander Bank (the Banks) claiming that the Banks are in breach of the fiduciary duty that each owed him as a mortgagor. At issue is Mitrano's former home in Hanover, NH, which was sold by the Banks at a November 14, 2008 foreclosure sale. Mitrano alleges that the Banks (1) failed to provide him prior notice of sale, and (2) sold the home at auction for an unreasonably low price. The Banks jointly move to dismiss Mitrano's claims as time barred.

---

[1] Sovereign Bank became Santander Bank in 2013.

[2] The court previously dismissed Orlans/Moran because it did not owe Mitrano, a non-client, a fiduciary duty. *See* Dkt. No. 9.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Two basic principles guide the court's analysis in this case. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.

"Affirmative defenses, such as the statute of limitations, may be raised in a motion to dismiss under Fed. R. Civ. P. 12(b)(6), provided that the facts establishing the defense [are] clear on the face of the plaintiff's pleadings." *Trans-Spec Truck Serv. v. Caterpillar, Inc.*, 524 F.3d 315, 320 (1st Cir. 2008) (internal quotations omitted). "Where the dates included in the complaint show that the limitations period has been exceeded and the complaint fails to "sketch a factual predicate" that would warrant the application of either a different statute of limitations period or equitable estoppel, dismissal is appropriate." *Id.* Under New Hampshire law,[3] which

---

[3] In choice of law matters, Massachusetts follows the "functional" approach of *Restatement (Second) of Conflict of Laws* § 142 (1971). *See Bushkin Assocs., Inc. v. Raytheon Co.*, 393 Mass. 622, 631 (1985). Under this approach, a forum will apply its own statute of limitations unless no substantial interest of the forum would be served *or* unless the action

2

applies in this case, "[n]o claim challenging the form of notice, manner of giving notice, or the conduct of [a] foreclosure sale shall be brought by the mortgagor . . . after one year and one day from the date of the recording of the foreclosure deed for such sale." N.H. Rev. Stat. § 479:35, II-a. New Hampshire provides a 3-year limitations period for the filing of a claim of breach of fiduciary duty. *See* N.H. Rev. Stat. § 508:4.

Both of Mitrano's claims are time barred. Mitrano's Complaint states that foreclosure of the Hanover property occurred on November 14, 2008, six years prior to the filing of this action. Compl. ¶ 11. The Foreclosure Deed was recorded on December 12, 2008, in the Grafton County Registry of Deeds,[4] and as a public record, was available to Mitrano for inspection anytime after it was filed. (The statute of limitations bars actions of which a plaintiff knew or should have known). Consequently, the latest Mitrano could have timely filed a claim challenging notice of the foreclosure sale was December 13, 2009. Further, Mitrano admits he had knowledge of the foreclosure sale on January 13, 2009, and thus any claim for breach of

---

would be barred by the statute of limitations of a forum having a more significant relationship to the parties and the occurrence. *Anderson v. Lopez*, 80 Mass. App. Ct. 813, 815 (2011). New Hampshire, where the property is *in situ*, clearly has the superior interest in the litigation.

[4] In resolving a motion to dismiss, a court may look to official public records. *See Alt. Energy, Inc. v. St. Paul Fire and Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001).

fiduciary duty should have been brought, at the latest, within three years of that date.  Compl. ¶ 27.

ORDER

For the foregoing reasons, the motion to dismiss is <u>ALLOWED</u>.  The Clerk will enter the dismissal with prejudice and close the case.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE